IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GTL, INC., JOHN P. GREYTAK, and TANGLEWOOD INVESTORS LIMITED PARTNERSHIP,<br><br>Defendants. | CV 12-14-M-DWM<br><br><br>ORDER |

Defendants John P. Greytak (Greytak) and Tanglewood Investors Limited Partnership (Tanglewood) move for relief from the judgment of the Court pursuant to Fed. R. Civ. P. 59(e) or, alternatively, Fed. R. Civ. P. 60(b). Defendants argue reconsideration of the judgment is warranted in light of a the decision in *Estate of Gleason v. Central United Life Insurance Company* in Montana's First Judicial District Court. BDV-2011-707, Order (July 12, 2012). *Estate of Gleason* does not alter the outcome of this case. GTL, Inc. (GTL) is not entitled to coverage from Atlantic Casualty Insurance Company (Atlantic) because GTL failed to provide timely notice of Greytak and Tanglewood's claims. Atlantic has no duty to defend

or indemnify GTL for claims asserted by Greytak and Tanglewood in the underlying lawsuit or pursuant to the putative settlement agreed to by GTL, Greytak, and Tanglewood.

Defendants claim *Estate of Gleason* declares "Montana is a notice-prejudice jurisdiction[.]" (Doc. 79 at 5.) This is a hasty generalization that misstates Judge Sherlock's analysis. In *Estate of Gleason*, the court's opinion echoed the Montana Supreme Court's adoption of a notice-prejudice rule for underinsured motorist providers. This notice-prejudice rule requires an insurer show prejudice to justify foreclosure of an insured's right to indemnification on grounds inadequate notice of a claim was provided. *See Sorensen v. Farmers Ins. Exchange*, 927 P.2d 1002, 1005 (Mont. 1996). Judge Sherlock analogizes the public policy rationale for a notice-prejudice rule in the context of third-party underinsured motorist claims to articulate a similar standard applicable to the first-party insurance claim then before the court. This conclusion is drawn from the Montana Supreme Court's holding in *State Farm Mutual Auto Insurance Company v. Gibson*, which declares a public policy preference that first-party insureds are entitled to benefits for which consideration has been paid to their insurer. 163 P.3d 387, 390 (Mont. 2007). This conclusion about first-party insureds is not applicable to Greytak and Tanglewood's third-party claims. Judge Sherlock's holding and argument does not extend a notice-prejudice rule to all insurance cases, nor does it declare as a

general proposition that "Montana is a notice-prejudice jurisdiction[.]"

Even if "Judge Sherlock's opinion . . . is a likely predictor for how the Montana supreme court [sic] would rule[,]" the conclusion in *Estate of Gleason* does not support reconsidering or reversing the judgment in this case. Furthermore, there is no need to predict how the Montana Supreme Court would decide the issue because the Montana Supreme Court considered an identical insurance policy notice provision in *Steadele v. Colony Insurance Company*. 260 P.3d 145 (Mont. 2011). There, the Montana Supreme Court found a five month delay between filing of claims in the underlying litigation and eventual notice to the insurer was deficient and barred coverage. *Id.* at 151. While the Montana Supreme Court mentioned Colony Insurance Company was prejudiced by this delay, they did not elect to impose a requirement that an insurer be prejudiced by deficient notice. *Id*. Given the opportunity to declare a notice-prejudice rule in the context of third-party commercial claims, the Montana Court declined to do so.

IT IS ORDERED Defendants' motion (doc. 78) is DENIED.

DATED this 12th day of February, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT